NORMAN EDWARD GRISWOLD

v.

COMMONWEALTH OF VIRGINIA

No. 2269-92-2

Decided January 10, 1995

COUNSEL

William H. Shewmake (Thomas F. Coates, III; Shewmake, Baronian & Parkinson; Coates & Davenport, on briefs), for appellant.

Thomas C. Daniel, Assistant Attorney General (James S. Gilmore, III, Attorney General), for appellee.

Opinion

**ELDER, J.**—Norman Edward Griswold appeals from his conviction under Code § 18.2-266 for driving under the influence of alcohol after having previously been convicted of a like offense. Appellant contends the trial court erred (1) in allowing the introduction of his uncounseled 1983 misdemeanor conviction in the sentencing phase; and (2) in finding that the evidence was sufficient to show that his 1985 conviction was counseled such that it was admissible during the guilt phase.

## I.

On August 3, 1992, appellant was charged with driving under the influence of alcohol under Code § 18.2-266 after having previously been convicted of a like offense. Although the indictment listed two previous convictions, one rendered in 1983 and the other rendered in 1985, appellant objected to their use as predicate offenses on the ground that both were uncounseled misdemeanor convictions.

The record shows that appellant's 1983 conviction for driving under the influence of alcohol resulted in the judge imposing a $200 fine (of which $100 was suspended), a thirty day jail sentence (of which all thirty days were suspended), and a suspended driver's license. The suspensions were predicated on appellant's attendance at an alcohol treatment program. After accepting evidence concerning the 1983 conviction, the trial court in the instant case found that the 1983 conviction was uncounseled. The court therefore barred its admission into evidence during the guilt phase of the trial but permitted its use in the sentencing phase.

The record also shows that appellant's 1985 conviction for the same offense resulted in the judge imposing an $800 fine (of which $600 was suspended), a 180 day jail sentence (of which 178 days were suspended), and a suspended driver's license. In contrast to the 1983 conviction, the trial court in the instant case found that the 1985 conviction was counseled and therefore allowed the Commonwealth to introduce evidence regarding that conviction in the guilt phase.

Appellant contends that the trial court erred in allowing the introduction of the prior convictions. The Commonwealth asserts that this appeal should be dismissed because appellant failed to

make the challenged conviction orders part of the record on appeal. For the reasons that follow, we reverse appellant's conviction.

## II.

As a preliminary matter, the Commonwealth asserts that the 1983 and 1985 conviction orders were not properly introduced in the trial court and therefore are not a part of the record on appeal. This Court granted appellant's motion to remand to the trial court for a determination of whether the conviction orders should have been included in the record transmitted for appeal. The trial court concluded that although the documents were never formally introduced into evidence, it considered them exhibits. Accordingly, the trial court ordered them marked as exhibits and forwarded to this Court. Despite the Commonwealth's protestations, we adhere to the principle that "formal introduction [of documentary evidence] is waived where the court and the parties treat an instrument as in evidence, . . . or where it is read without objection." *Martin v. Winston*, 181 Va. 94, 105, 23 S.E.2d 873, 877, *cert. denied*, 319 U.S. 766 (1943); *see also Mueller v. Commonwealth*, 15 Va. App. 649, 652, 426 S.E.2d 339, 341 (1993). Consistent with the trial court's findings on remand, the record reveals that the trial court and the parties referred extensively to the orders and that they were critical to the trial court's ruling on the issue whether the prior convictions could properly be used as predicate offenses for a third offense charge of driving under the influence. Accordingly, the trial court did not err in directing them to be marked as exhibits and transmitted to this Court, and we properly may consider them a part of the appellate record.

## III.

Appellant contends the trial court erred in admitting his uncounseled 1983 conviction in the sentencing phase of the trial. We agree and hold that because appellant's 1983 conviction was not only uncounseled, but also violated *Scott v. Illinois*, 440 U.S. 367 (1979), the trial court erred by allowing its introduction under Code § 46.2-943.[1] Our decision is guided by the United States Supreme Court's recent decision in *Nichols v. United States*, _____

---

[1] Code § 46.2-943 permits the fact finder to consider the prior traffic record of a convicted traffic offender before imposing sentence.

U.S. ___, 114 S. Ct. 1921 (1994), and this Court's recent decision in *James v. Commonwealth*, 18 Va. App. 746, 446 S.E.2d 900 (1994).

■ The United States Supreme Court used *Nichols* to resolve the confusion that had been occasioned by its splintered decision fourteen years earlier in *Baldasar v. Illinois*, 446 U.S. 222 (1980). In *Nichols*, the Supreme Court overruled *Baldasar* and held that "consistent with the Sixth and Fourteenth Amendments of the Constitution, . . . an uncounseled misdemeanor conviction, valid under *Scott* because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." *Nichols*, ___ U.S. at ___, 114 S. Ct. at 1928.

■ In this Court's decision in *James*, we similarly held that where a defendant was represented by counsel or validly waived counsel in an earlier criminal proceeding, that conviction could be used in the sentencing phase of a subsequent trial. *Id.* at 752, 446 S.E.2d at 904. However, we also stated the Commonwealth cannot constitutionally introduce evidence of a prior conviction in a subsequent trial, where that prior conviction resulted in the imposition of a prison sentence, unless the defendant had been represented or validly waived representation. *Id.* at 751-52, 446 S.E.2d at 903. *See United States v. Tucker*, 404 U.S. 443 (1972) (holding that prisoner sentenced on basis of two prior unconstitutional convictions had to be resentenced); *United States v. Jones*, 907 F.2d 456, 464 (4th Cir. 1990) (stating that a defendant shall not suffer an enhanced punishment predicated on a prior unconstitutional conviction), *cert. denied sub nom. Johnson v. United States*, 498 U.S. 1029 (1991). This conclusion stems from the United States Supreme Court's decision in *Scott*, where that Court wrote that "the Sixth and Fourteenth Amendments to the United States Constitution require . . . that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense."[2] *Scott*, 440 U.S. at 374.

---

[2] In *Scott*, the defendant was convicted of shoplifting under a criminal statute which provided that the penalty for the offense should be a fine of not more than $500 and/or a term of not more than one year in jail. 440 U.S. at 368. The defendant was fined fifty dollars. *Id.*

■ We interpret "sentenced to a term of imprisonment" to include a jail sentence imposed and conditionally suspended, as was done in this case. Appellant did not waive counsel nor was he represented on the 1983 charge. Consequently his sentence on that charge violated *Scott*, and the conviction cannot be used to enhance punishment. In reaching this conclusion, we are guided by decisions reached by other courts that have considered the same issue. For example, the United States Court of Appeals for the Tenth Circuit recently held that a conditionally suspended sentence satisfies *Scott*'s "sentenced to a term of imprisonment" requirement, such that the defendant is entitled to counsel under the Sixth Amendment. *United States v. Reilley*, 948 F.2d 648, 653-54 (10th Cir. 1991). *Accord United States v. Foster*, 904 F.2d 20 (9th Cir. 1990); *United States v. Leavitt*, 608 F.2d 1290 (9th Cir. 1979); *United States v. White*, 529 F.2d 1390 (8th Cir. 1976); *State v. DeRosa*, 633 A.2d 277 (Vt. 1993); *contra United States v. Nash*, 703 F. Supp. 507 (W.D. La.), *aff'd* 886 F.2d 1312 (5th Cir. 1989).

■ The Commonwealth affords trial courts broad discretion in revoking suspended sentences. *See* Code § 19.2-306 (stating that the court can revoke a suspended sentence "for any cause deemed by it sufficient" within the applicable statutory time limits); *Singleton v. Commonwealth*, 11 Va. App. 575, 400 S.E.2d 205 (1991) (holding that Code sections dealing with suspended sentences are to be liberally construed and that revocation of a suspended sentence lies within the trial court's sound discretion); *Hamilton v. Commonwealth*, 217 Va. 325, 228 S.E.2d 555 (1976); *Marshall v. Commonwealth*, 202 Va. 217, 116 S.E.2d 270 (1960). The trial court's discretionary ability to revoke a suspended sentence subjects a defendant to a substantial risk of imprisonment at any time within the applicable statutory time limits. Thus, we believe that even in situations where a jail sentence is suspended, defendants must be afforded the " 'guiding hand of counsel' so necessary where one's liberty is in jeopardy." *Scott*, 440 U.S. at 370 (quoting *Argersinger v. Hamlin*, 407 U.S. 25, 40 (1972)). Because appellant was sentenced to a suspended jail term without the benefit of counsel or a valid waiver thereof, appellant's 1983 conviction violated *Scott* and was improperly introduced in the sentencing phase of his 1991 trial.

## IV.

■ Appellant also contends that the evidence was insufficient to support the trial court's finding that his 1985 conviction was counseled and that it was therefore improperly admitted in the guilt phase of the trial. We agree with appellant that the Commonwealth has the burden of going forward with evidence and always retains the burden of persuasion to prove that the predicate offenses relied upon were counseled. *See McGhee v. Commonwealth*, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978); *Sargent v. Commonwealth*, 5 Va. App. 143, 148, 360 S.E.2d 895, 898 (1987). The mere fact that the preprinted spaces on the warrant, which indicate the presence of defense counsel and prosecutor, were not clearly marked is not determinative of the issue as long as the Commonwealth produces other competent evidence of representation. *See United States v. Wilkinson*, 926 F.2d 22 (1st Cir.) (court relying in part on presentence report which indicated that defendant was represented by counsel), *cert. denied*, 501 U.S. 1211 (1991). In this case, however, the record fails to reveal sufficient competent evidence.

The warrant itself contains the following information in the upper and lower right corners:

HEARING DATE
November 8, 1984
12-20-84 to hire S. Simon
1-28-85 Δ

. . . .

Attorney for the Accused:

Nov 8 1984 — W. Dawson
Dec 20 1984 S. Simon?

The preprinted area on the lower right back corner of the warrant marked "ATTORNEY(S) PRESENT: ☐ COMMONWEALTH ☐ DEFENSE," contains illegible handwriting. Neither box has been checked. Finally, the warrant indicates that the accused pleaded guilty "per p/a." The trial court interpreted this as "a plea agreement. So he was represented." Although never expressly so stating, the judge, in effect, took judicial notice of the fact that the Commonwealth Attorney's Office would not have entered into

a plea agreement with an unrepresented defendant. We hold that this finding by the trial court was improper.

The trial court may take judicial notice of facts which are *either* (a) common knowledge or (b) easily ascertainable by reference to reliable sources. *These are two separate and distinct grounds for judicial notice.* Charles E. Friend, *The Law of Evidence in Virginia* § 19-2 (4th ed. 1993). The trial court is required by statute to take judicial notice of (1) "the law, statutory or otherwise, of this Commonwealth . . . or of any political subdivision or agency [thereof]" or (2) of any official state or agency publication which is required by law to be published. Code §§ 8.01-386; 8.01-388; 19.2-265.2. In this case, however, the record contains no indication that any statute or regulation prohibits a prosecutor from entering into a plea agreement with an unrepresented defendant, nor are we aware of any such statute. Where the fact judicially noticed is not a fact "universally regarded as established by common notoriety," *State Farm Mut. Auto Ins. Co. v. Powell*, 227 Va. 492, 497, 318 S.E.2d 393, 395 (1984) (quoting *Black's Law Dictionary* 761 (5th ed. 1979)), it is irrelevant that the judge may have personal knowledge of such a practice. *Id.* at 497-98, 318 S.E.2d at 395; *Darnell v. Barker*, 179 Va. 86, 93, 18 S.E.2d 271, 275 (1942); *see* Friend, *supra*, § 19-2. Accordingly, the doctrine of judicial notice does not validate the judge's inference that appellant must have had counsel in order to have entered into a plea agreement.

Without the fact of which the trial court had taken judicial notice, the record contains insufficient evidence to support its conclusion that appellant's 1985 conviction was counseled. Thus, like appellant's 1983 conviction, his 1985 conviction was violative of *Scott*, as it resulted in the imposition of imprisonment. We hold that the 1985 conviction was improperly introduced in the guilt and sentencing phases of appellant's subsequent trial.

For these reasons, we reverse appellant's conviction and remand for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., concurred.

Koontz, J., concurring in part and dissenting in part.

I concur in parts I, II and IV of the majority opinion. I respectfully dissent from part III holding that an uncounseled misdemeanor conviction resulting in a conditionally suspended jail sentence cannot be used in the penalty phase of a subsequent prosecution to enhance punishment under a statutory recidivist provision.

In *Scott v. Illinois*, 440 U.S. 367 (1979), the United States Supreme Court held that "*actual imprisonment* is a penalty different in kind from fines or *the mere threat of imprisonment* . . . warrant[ing the] adoption of *actual imprisonment* as the line defining the constitutional right to appointed counsel." *Id.* at 373 (emphasis added); *see also Nichols v. United States*, ___ U.S. ___, 114 S. Ct. 1921, 1925-26 (1994). By equating "actual imprisonment" with "a jail sentence imposed and conditionally suspended," the majority establishes a restriction on the use of the suspended sentence in uncounseled proceedings neither contemplated nor required by the holding in *Scott*.

In my view, the majority incorrectly reasons that the broad discretion vested in our trial courts by Code § 19.2-306 to revoke suspended sentences supports the conclusion that a suspended sentence is equivalent to actual imprisonment for the purposes of enhanced punishment in a subsequent prosecution. A suspended sentence is not merely a punishment applied solely for the purpose of obtaining the power of revocation but is also a tool to be used in facilitating the reform of the defendant. *See, e.g., State v. Setzer*, 242 S.E.2d 509, 511 (N.C. Ct. App.), *review denied*, 245 S.E.2d 780 (N.C. 1978). At the very least, a suspended sentence may be used as a "mere threat of imprisonment" to impress upon the defendant the seriousness of his or her crime and the potential for actual imprisonment if the defendant commits subsequent criminal acts. Although the threat of imprisonment for noncompliance is an empty one if the underlying conviction was obtained without counsel or waiver thereof, the threat may nonetheless be potent in its import to the defendant that he or she has been spared imprisonment and is being offered an opportunity to reform. In any event, regardless of the success or failure of imposing a suspended sentence in terms of rehabilitation of the defendant, the trial court's discretion to revoke suspended sentences does not extend to those imposed where the defendant was convicted without counsel or a valid waiver of counsel.

Thus, while it would be improper to revoke a suspended sentence imposed following a conviction obtained without counsel or a valid waiver of counsel, the fact that a suspended jail sentence amounts to a threat of imprisonment to be imposed by revocation does not render the conviction invalid under *Scott*. So long as the defendant is not *actually imprisoned* as a result of the conviction, the conviction remains valid under *Scott* and may be used to enhance punishment for a subsequent conviction. *See Nichols*, ___ U.S. at ___, 114 S. Ct. at 1928.

In short, nothing in *Scott* or *Nichols* alters the Supreme Court's mandate in *Argersinger v. Hamlin*, 407 U.S. 25 (1972), that "no person may be *imprisoned* for any offense . . . unless he was represented by counsel at his trial." *Id.* at 37. Griswold was never imprisoned for his 1983 conviction, and, accordingly, that conviction is valid and could properly be used to enhance his sentence for the instant conviction.

Because I agree that the trial court improperly admitted evidence of Griswold's 1985 conviction during the guilt determination phase of his trial, I would remand on the basis of that error.