COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Baker, Benton, Coleman,
              Koontz,* Willis, Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


NORMAN EDWARD GRISWOLD

v.         Record No. 2269-92-2          OPINION BY
                                    JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA               SEPTEMBER 5, 1995


                     UPON REHEARING EN BANC


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Thomas N. Nance, Judge

          William H. Shewmake (Thomas F. Coates, III;
          Shewmake, Baronian & Parkinson; Coates &
          Davenport, on brief), for appellant.

          Thomas C. Daniel, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.



     By opinion issued January 10, 1995, Griswold v.

Commonwealth, 19 Va. App. 477, 453 S.E.2d 287 (1995), a panel of

this court reversed Norman Edward Griswold's conviction of

driving while under the influence of alcohol after having been

convicted previously of a like offense and remanded the case for

further proceedings.  We granted the Commonwealth's motion for

rehearing en banc and stayed the mandate of the panel decision.

Upon rehearing en banc, we vacate the mandate of the panel

decision and affirm the judgment of the trial court.

_____
     *Justice Koontz participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

Griswold was tried on a charge of operating a motor vehicle while under the influence of alcohol, in violation of Code § 18.2-266, after having been convicted previously of a like offense. The Commonwealth tendered in evidence certified copies of two previous orders of conviction.

The first previous order, dated 1983, recited Griswold's conviction of driving while under the influence of alcohol. He was sentenced to pay a fine of $200 (of which $100 was suspended), to serve thirty days in jail (all of which was suspended), and his operator's license was suspended. Because Griswold was not represented by counsel at his 1983 conviction, the trial court rejected that conviction as evidence in the guilt phase of his trial but considered it in fixing sentence.

The second previous order, dated 1985, recited Griswold's conviction of driving while under the influence of alcohol. He was sentenced to pay a fine of $800 (of which $600 was suspended), to serve 180 days in jail (of which 178 days were suspended), and his operator's license was suspended. The trial court concluded that Griswold was represented by counsel at his 1985 conviction. It admitted evidence of that conviction at both the guilt and sentencing phases of Griswold's trial.

II.

For the reasons set forth in Section II of the panel opinion, 19 Va. App. at 480, 453 S.E.2d at 288-89, we conclude

that the 1983 and 1985 conviction orders were properly introduced at trial and made a part of the record on appeal. For the reasons set forth in Section IV of the panel opinion, 19 Va. App. at 483, 453 S.E.2d at 290-91, we conclude that the trial court erred in finding that Griswold was represented by counsel at his 1985 trial.

III.

In Argersinger v. Hamlin, 407 U.S. 25 (1972), the Supreme Court stated:

> We hold . . . that absent a knowing and
> intelligent waiver, no person may be imprisoned
> for any offense, whether classified as petty,
> misdemeanor, or felony, unless he was represented
> by counsel at his trial.

Id. at 37. The Court went on to say:

> Under the rule we announce today, every judge will
> know when the trial of a misdemeanor starts that
> no imprisonment may be imposed, even though local
> law permits it, unless the accused is represented
> by counsel.

Id. at 40. Reaffirming Argersinger, the Supreme Court, in Scott v. Illinois, 440 U.S. 367 (1979), said:

> Argersinger did indeed delimit the constitutional
> right to appointed counsel in state criminal
> proceedings. . . . [W]e believe that the central
> premise of Argersinger -- that actual imprisonment
> is a penalty different in kind from fines or the
> mere threat of imprisonment -- is eminently sound
> and warrants adoption of actual imprisonment as
> the line defining the constitutional right to
> appointment of counsel. . . . We therefore hold
> that the Sixth and Fourteenth Amendments to the
> United States Constitution require only that no
> indigent criminal defendant be sentenced to a term
> of imprisonment unless the State has afforded him
> the right to assistance of appointed counsel in
> his defense.

Id. at 373-74 (emphasis supplied).

In Baldasar v. Illinois, 446 U.S. 222 (1980), a divided Supreme Court, in which there was no majority rationale, held use of a prior uncounseled misdemeanor conviction, constitutional under Scott, could not be used to elevate a subsequent misdemeanor conviction to a felony. Justice Stewart, joined by Justices Brennan and Stevens, held that because elevation of the offense was based upon the prior conviction, assistance of counsel in the prior proceeding was required. Justice Marshall, joined by Justices Brennan and Stevens, held that an uncounseled misdemeanor conviction is not sufficiently reliable to be received as proof of the crime. Justice Blackmun held that charges of non-petty offenses were of sufficient dignity to require provision of counsel.

Dissenting in Baldasar, Justice Powell, joined by the remaining three members of the Court, held that the majority result ignored the nature of enhancement statutes and the validity of the prior convictions and created a hybrid class of conviction, good for some purposes but not for others.

In Nichols v. United States, ___ U.S. ___, 114 S. Ct. 1921 (1994), the Supreme Court overruled Baldasar, embracing the views of the Baldasar dissent. The Court reaffirmed its "holding that so long as no imprisonment was actually imposed, the Sixth Amendment right to counsel did not obtain." Id. at ___, 114 S. Ct. at 1927. The Court said:

> We adhere to that holding today, but agree with the dissent in <u>Baldasar</u> that a logical consequence of the holding is that an uncounseled conviction valid under <u>Scott</u> may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment. Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes which are common place in state criminal laws, do not change the penalty imposed for the earlier conviction. As pointed out in the dissenting opinion in <u>Baldasar</u>, "[t]his Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant."

<u>Id.</u> (citations omitted). Finally, the Court said:

> Accordingly we hold, consistent with the Sixth and Fourteenth Amendments of the Constitution, that an uncounseled misdemeanor conviction, valid under <u>Scott</u> because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction.

<u>Id.</u> at ___, 114 S. Ct. at 1928.

<u>Nichols</u> reaffirms the holding in <u>Scott</u> that actual imprisonment, not the mere threat of imprisonment, is the bright-line standard for determining the Sixth and Fourteenth Amendment right to assistance of counsel in a misdemeanor prosecution. Because Griswold's 1983 conviction involved the imposition of no imprisonment, evidence of that conviction could be used in both the guilt and sentencing stages of Griswold's trial.

Griswold argues that, because his 1985 sentence imposed two days imprisonment, that conviction was invalid under <u>Scott</u> and <u>Nichols</u>. This argument defies reason and is contrary to the rationale of <u>Nichols</u>. <u>Argersinger</u> and <u>Scott</u> proscribe only the imposition of confinement upon an uncounseled conviction.

- 5 -

Neither case addresses the validity of the conviction itself. Indeed, <u>Scott</u> specifically states "the Sixth and Fourteenth Amendments . . . require only that no indigent criminal defendant be sentenced to a term of imprisonment" without the right to counsel. <u>Scott</u>, 440 U.S. at 373-74.

It would defy reason to hold that Griswold's 1985 conviction would be valid for any purpose had the entire 180 day jail sentence been suspended, but that the entire proceeding was void simply because he was sentenced to serve two days confinement.

The Supreme Court rejected such a notion in <u>Nichols</u>, saying:

> [An] important factor, as recognized by state recidivism statutes and the criminal history component of the Sentencing Guidelines, is a defendant's prior convictions. Sentencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that behavior. We have upheld the constitutionality of considering such previous conduct . . . .
>
> Thus, consistently with due process, petitioner in the present case could have been sentenced more severely based simply on evidence of the underlying conduct which gave rise to the previous DUI offense. And the state need prove such conduct only by a preponderance of the evidence. . . . Surely, then, it must be constitutionally permissible to consider a prior uncounseled misdemeanor conviction based on the same conduct where that conduct must be proven beyond a reasonable doubt.

<u>Id.</u> at ___, 114 S. Ct. at 1928 (citation omitted).

The judgment of the trial court is affirmed.

<u>Affirmed</u>.

Koontz, J., with whom Fitzpatrick, J., joins, concurring in part and dissenting in part.


I concur with the majority's holdings that the 1983 and 1985 convictions orders were properly introduced at trial and made a part of the record on appeal, and that the trial court erred in finding that Griswold's 1985 conviction was counseled.  For the reasons stated in Griswold v. Commonwealth, 19 Va. App. 477, 484-86, 453 S.E.2d 287, 291-92 (1994) (Koontz, J., concurring in part and dissenting in part), I concur in the majority's determination that the uncounseled 1983 conviction resulting in a conditionally suspended jail sentence can be used in the penalty phase of a subsequent prosecution to enhance punishment under a statutory recidivist provision.

Because Griswold's 1985 conviction was uncounseled and resulted in the imposition of actual imprisonment, I dissent from the majority's holding that this conviction can be used in the guilt determination phase of his 1992 trial.  Unlike Scott v. Illinois, 440 U.S. 367 (1979), and Nichols v. United States, ___ U.S. ___, 114 S. Ct. 1921 (1994), relied upon by the majority, where the uncounseled convictions were used merely to enhance punishment, Griswold's 1985 conviction was used to prove an element of the subsequent indicted offense.  In my view, this was error.

The dichotomy which troubles the majority--that an uncounseled conviction which results in no actual imprisonment

- 7 -

may be used to establish the level of offense for a subsequent repetition of the crime, while a conviction for the same crime which results in a brief jail term is invalid for that purpose-- is easily resolved without resorting to the alternative of barring use of all uncounseled convictions for that purpose. An uncounseled conviction resulting in no imprisonment is valid because the Sixth Amendment right to counsel did not attach; an uncounseled conviction resulting in incarceration is invalid because the imposition of a jail sentence requires that the right to counsel be respected at the outset of the trial. In other words, where the trial court imposes actual imprisonment, its intent to do so is presumed to have existed at the commencement of the trial and the right to counsel attaches at that point and not retrospectively, only after a sentence of actual imprisonment has been imposed. See Kirby v. Illinois, 406 U.S. 682, 689 (1972) (plurality opinion). Where a trial court permits the trial to begin without provision of counsel or a waiver thereof, the trial court is precluded from imposing a sentence of actual imprisonment and, upon convicting the accused, must use lesser forms of punishment, thus forestalling the attachment of the right of counsel. See Argersinger v. Hamlin, 407 U.S. 25, 40 (1972). The mere fact that the determination of when the constitutional right to counsel attaches is made retrospectively based upon the sentence imposed does not mean that all events that preceded that determination are free from taint.

Thus, where an uncounseled conviction results in the imposition of a sentence of actual imprisonment, the taint of the Sixth Amendment violation is not merely on the sentence, but on the whole trial which resulted in that sentence. That taint prohibits the government from using the conviction to prove an element of a subsequent offense. By contrast, a conviction occurring where the right to counsel has never attached is not hampered by any taint.

Because Griswold's 1985 conviction was uncounseled, it was improperly introduced during the guilt determination phase of his trial. Because the Commonwealth did not introduce the 1983 conviction, which was untainted, until the penalty phase of the trial, the evidence presented by the Commonwealth prior to the verdict was insufficient to sustain a conviction on the indicted offense, as amended. Therefore, I would reverse on the basis of that error.

Elder, J., with whom Benton, J., joins, concurring in part and dissenting in part.


I concur in those parts of the majority opinion holding (1) the 1983 and 1985 conviction orders were properly introduced at trial and made part of the record on appeal, and (2) the trial court erred in finding that Griswold was represented by counsel at his 1985 trial.  I respectfully dissent from the remainder of the majority opinion and would hold that Griswold's 1983 and 1985 convictions violated Scott and were improperly introduced at his 1992 trial.

The majority correctly recognizes that the United States Supreme Court's opinions in Scott and Nichols guide the analysis of this case.  However, for reasons undisclosed in its opinion, the majority fails to discuss James v. Commonwealth, 18 Va. App. 746, 446 S.E.2d 900 (1994), a recent case decided by a panel of this Court.  In James, the panel recognized that a prior conviction, which was constitutional under Scott, could be used in a subsequent trial for sentencing enhancement purposes.  The James panel held that the Commonwealth may introduce evidence of prior convictions, "provided that in all felony cases and those misdemeanor proceedings where imprisonment resulted, there is evidence establishing that the defendant was represented by or properly waived counsel in the earlier criminal proceeding." James, 18 Va. App. at 752, 446 S.E.2d at 904.  In this case, the majority jettisons James without mention of its reasoning or

holding. While an en banc panel of this Court may overrule a three-judge panel, I believe that the James rationale, which directly follows from Scott and Nichols, is correct.

The majority dismisses Griswold's argument that his 1985 conviction was invalid under Scott and Nichols, stating that it "defies reason and is contrary to the rationale of Nichols." I respectfully disagree. The Supreme Court in Nichols said, and the majority repeats, that "an uncounseled misdemeanor conviction valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." Nichols, 114 S. Ct. at 1928 (emphasis added). Stated simply, Griswold's uncounseled 1985 conviction violated Scott because it resulted in the imposition of imprisonment after Griswold was unrepresented at trial; it was, therefore, used unconstitutionally to enhance the subsequent conviction.

The majority attempts to avoid this constitutional limitation by stating that "[i]t would defy reason to hold that Griswold's 1985 conviction would be valid for any purpose had the entire 180 day jail sentence been suspended, but that the entire proceeding was unconstitutional simply because he was sentenced to serve two days confinement." As discussed above, a plain reading of Nichols reveals the fallacy of the majority's comment.[1] Although the majority quotes a lengthy section from

_____

[1] Furthermore, as I discuss below in reference to Griswold's 1983 conviction, I believe that a conviction cannot be used in the guilt or sentencing phases of a subsequent trial if the court imposes a jail sentence but then suspends that

- 11 -

<u>Nichols</u> in support of its comment, it fails to recognize that the quoted section discusses the introduction of the prior conviction in a subsequent trial <u>in the context of the specific facts of the Nichols case</u>.  In <u>Nichols</u>, in stark contrast to this case, the defendant's prior conviction did <u>not</u> result in the imposition of jail time, suspended or otherwise.  I would, therefore, follow <u>James</u> and hold that the trial court erroneously allowed the introduction of Griswold's 1985 conviction in the guilt and sentencing phases of his subsequent trial.

Furthermore, I would hold that because appellant's 1983 conviction was not only uncounseled but also violated <u>Scott</u>, the trial court erred by allowing its introduction in the sentencing phase of appellant's 1991 trial.  "[T]he Sixth and Fourteenth Amendments to the United States Constitution require . . . that no indigent criminal defendant be <u>sentenced to a term of imprisonment</u> unless the State has afforded him the right to assistance of appointed counsel in his defense."  <u>Scott</u>, 440 U.S. at 373-74 (emphasis added).  As stated in the panel opinion, I interpret "sentenced to a term of imprisonment" to include a jail sentence imposed and conditionally suspended, as was done in this case.  Appellant did not waive counsel nor was he represented on the 1983 charge.  Consequently, his sentence on that charge violated <u>Scott</u> and the conviction cannot now be used to enhance punishment on a subsequent offense.

sentence.

In reaching this conclusion, I am guided by decisions reached by other courts that have considered the same issue. For example, the United States Court of Appeals for the Tenth Circuit recently held that a conditionally suspended sentence satisfies Scott's "sentenced to a term of imprisonment" requirement, such that the defendant is entitled to counsel under the Sixth Amendment. United States v. Reilley, 948 F.2d 648, 653-54 (10th Cir. 1991). Accord United States v. Foster, 904 F.2d 20 (9th Cir. 1990); United States v. Leavitt, 608 F.2d 1290 (9th Cir. 1979); United States v. White, 529 F.2d 1390 (8th Cir. 1976); State v. DeRosa, 633 A.2d 277 (Vt. 1993); contra United States v. Nash, 703 F. Supp. 507 (W.D. La.), aff'd, 886 F.2d 1312 (5th Cir. 1989).

The Commonwealth affords trial courts broad discretion in revoking suspended sentences. See Code § 19.2-306 (stating the court can revoke a suspended sentence "for any cause deemed by it sufficient" within the applicable statutory time limits); Hamilton v. Commonwealth, 217 Va. 325, 228 S.E.2d 555 (1976); Marshall v. Commonwealth, 202 Va. 217, 116 S.E.2d 270 (1960); Singleton v. Commonwealth, 11 Va. App. 575, 400 S.E.2d 205 (1991) (holding that Code sections dealing with suspended sentences are to be liberally construed and that revocation of a suspended sentence lies within the trial court's sound discretion).

The trial court's discretionary authority to revoke a suspended sentence subjects a defendant to a substantial risk of

imprisonment at any time within the applicable statutory time limits. Thus, I believe that even in cases where a jail sentence is suspended after imposition, defendants must be afforded the "guiding hand of counsel so necessary where one's liberty is in jeopardy." Scott, 440 U.S. at 370 (quoting Argersinger v. Hamlin, 407 U.S. 25, 40 (1972)). Because appellant was sentenced to a suspended jail term without the benefit or the valid waiver of counsel, appellant's 1983 conviction violated Scott and was improperly introduced in the sentencing phase of his 1992 trial.