UPON A REHEARING EN BANC
WILLIS, Jr., Judge.
By opinion issued January 10, 1995, Griswold v. Commonwealth, 19 Va.App. 477, 453 S.E.2d 287 (1995), a panel of this court reversed Norman Edward Griswold’s conviction of driving while under the influence of alcohol after having been convicted previously of a like offense and remanded the case for further proceedings. We granted the Commonwealth’s motion for rehearing en banc and stayed the mandate of the panel decision. Upon rehearing en banc, we vacate the mandate of the panel decision and affirm the judgment of the trial court.
I.
Griswold was tried on a charge of operating a motor vehicle while under the influence of alcohol, in violation of Code § 18.2-266, after having been convicted previously of a like offense. The Commonwealth tendered in evidence certified copies of two previous orders of conviction.
The first previous order, dated 1983, recited Griswold’s conviction of driving while under the influence of alcohol. He was sentenced to pay a fine of $200 (of which $100 was suspended), to serve thirty days in jail (all of which was suspended), and his operator’s license was suspended. Because Griswold was not represented by counsel at his 1983 conviction, the trial court rejected that conviction as evidence in the guilt phase of his trial but considered it in fixing sentence.
*25 The second previous order, dated 1985, recited Griswold’s conviction of driving while under the influence of alcohol. He was sentenced to pay a fine of $800 (of which $600 was suspended), to serve 180 days in jail (of which 178 days were suspended), and his operator’s license was suspended. The trial court concluded that Griswold was represented by counsel at his 1985 conviction. It admitted evidence of that conviction at both the guilt and sentencing phases of Gris-wold’s trial.
II.
For the reasons set forth in Section II of the panel opinion, 19 Va.App. at 480, 453 S.E.2d at 288-89, we conclude that the 1983 and 1985 conviction orders were properly introduced at trial and made a part of the record on appeal. For the reasons set forth in Section IV of the panel opinion, 19 Va.App. at 483, 453 S.E.2d at 290-91, we conclude that the trial court erred in finding that Griswold was represented by counsel at his 1985 trial.
III.
In Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Supreme Court stated:
We hold ... that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.
Id. at 37, 92 S.Ct. at 2012. The Court went on to say:
Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel.
Id. at 40, 92 S.Ct. at 2014. Reaffirming Argersinger, the Supreme Court, in Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), said:
*26 Argersinger did indeed delimit the constitutional right to appointed counsel in state criminal proceedings.... [W]e believe that the central premise of Argersinger—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel---- We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.
Id. at 373-74, 99 S.Ct. at 1162 (emphasis supplied).
In Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), a divided Supreme Court, in which there was no majority rationale, held use of a prior uncounseled misdemeanor conviction, constitutional under Scott, could not be used to elevate a subsequent misdemeanor conviction to a felony. Justice Stewart, joined by Justices Brennan and Stevens, held that because elevation of the offense was based upon the prior conviction, assistance of counsel in the prior proceeding was required. Justice Marshall, joined by Justices Brennan and Stevens, held that an uncounseled misdemeanor conviction is not sufficiently reliable to be received as proof of the crime. Justice Blackmun held that charges of non-petty offenses were of sufficient dignity to require provision of counsel.
Dissenting in Baldasar, Justice Powell, joined by the remaining three members of the Court, held that the majority result ignored the nature of enhancement statutes and the validity of the prior convictions and created a hybrid class of conviction, good for some purposes but not for others.
In Nichols v. United States, — U.S. —, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), the Supreme Court overruled Baldasar, embracing the views of the Baldasar dissent. The Court reaffirmed its “holding that so long as no imprisonment was *27 actually imposed, the Sixth Amendment right to counsel did not obtain.” Id. at —, 114 S.Ct. at 1927. The Court said:
We adhere to that holding today, but agree with the dissent in Baldasar that a logical consequence of the holding is that an uncounseled conviction valid under Scott may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment. Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes which are common place in state criminal laws, do not change the penalty imposed for the earlier conviction. As pointed out in the dissenting opinion in Baldasar, “[t]his Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant.”
Id. (citations omitted). Finally, the Court said:
Accordingly we hold, consistent with the Sixth and Fourteenth Amendments of the Constitution, that an uncounseled misdemeanor conviction, valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction.
Id. at —, 114 S.Ct. at 1928.
Nichols reaffirms the holding in Scott that actual imprisonment, not the mere threat of imprisonment, is the brightline standard for determining the Sixth and Fourteenth Amendment right to assistance of counsel in a misdemeanor prosecution. Because Griswold’s 1983 conviction involved the imposition of no imprisonment, evidence of that conviction could be used in both the guilt and sentencing stages of Griswold’s trial.
Griswold argues that, because his 1985 sentence imposed two days imprisonment, that conviction was invalid under Scott and Nichols. This argument defies reason and is contrary to the rationale of Nichols. Argersinger and Scott proscribe only the imposition of confinement upon an uncounseled conviction. Neither case addresses the validity of the conviction itself. Indeed, Scott specifically states “the Sixth *28 and Fourteenth Amendments ... require only that no indigent criminal defendant be sentenced to a term of imprisonment” without the right to counsel. Scott, 440 U.S. at 373-74, 99 S.Ct. at 1162.
It would defy reason, to hold that Griswold’s 1985 conviction would be valid for any purpose had the entire 180 day jail sentence been suspended, but that the entire proceeding was void simply because he was sentenced to serve two days confinement. The Supreme Court rejected such a notion in Nichols, saying:
[An] important factor, as recognized by state recidivism statutes and the criminal history component of the Sentencing Guidelines, is a defendant’s prior convictions. Sentencing courts have not only taken into consideration a defendant’s prior convictions, but have also considered a defendant’s past criminal behavior, even if no conviction resulted from that behavior. We have upheld the constitutionality of considering such previous conduct....
Thus, consistently with due process, petitioner in the present case could have been sentenced more severely based simply on evidence of the underlying conduct which gave rise to the previous DUI offense. And the state need prove such conduct only by a preponderance of the evidence ____ Surely, then, it must be constitutionally permissible to consider a prior uncounseled misdemeanor conviction based on the same conduct where that conduct must be proven beyond a reasonable doubt.
Id. at —, 114 S.Ct. at 1928 (citation omitted).
The judgment of the trial court is affirmed.

Affirmed.