KOONTZ, J., with whom FITZPATRICK, J.,
joins, concurring in part and dissenting in part.
I concur with the majority’s holdings that the 1983 and 1985 convictions orders were properly introduced at trial and made a part of the record on appeal, and that the trial court erred in finding that Griswold’s 1985 conviction was counseled. For *29 the reasons stated in Griswold v. Commonwealth, 19 Va.App. 477, 484-86, 453 S.E.2d 287, 291-92 (1995) (Koontz, J., concurring in part and dissenting in part), I concur in the majority’s determination that the uncounseled 1983 conviction resulting in a conditionally suspended jail sentence can be used in the penalty phase of a subsequent prosecution to enhance punishment under a statutory recidivist provision.
Because Griswold’s 1985 conviction was uncounseled and resulted in the imposition of actual imprisonment, I dissent from the majority’s holding that this conviction can be used in the guilt determination phase of his 1992 trial. Unlike Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), and Nichols v. United States, — U.S. —, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), relied upon by the majority, where the uncounseled convictions were used merely to enhance punishment, Griswold’s 1985 conviction was used to prove an element of the subsequent indicted offense. In my view, this was error.
The dichotomy which troubles the majority—that an uncounseled conviction which results in no actual imprisonment may be used to establish the level of offense for a subsequent repetition of the crime, while a conviction for the same crime which results in a brief jail term is invalid for that purpose—is easily resolved without resorting to the alternative of barring use of all uncounseled convictions for that purpose. An uncounseled conviction resulting in no imprisonment is valid because the Sixth Amendment right to counsel did not attach; an uncounseled conviction resulting in incarceration is invalid because the imposition of a jail sentence requires that the right to counsel be respected at the outset of the trial. In other words, where the trial court imposes actual imprisonment, its intent to do so is presumed to have existed at the commencement of the trial and the right to counsel attaches at that point and not retrospectively, only after a sentence of actual imprisonment has been imposed. See Kirby v. Illinois, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972) (plurality opinion). Where a trial court permits the trial to begin without provision of counsel or a waiver thereof, the *30 trial court is precluded from imposing a sentence of actual imprisonment and, upon convicting the accused, must use lesser forms of punishment, thus forestalling the attachment of the right of counsel. See Argersinger v. Hamlin, 407 U.S. 25, 40, 92 S.Ct. 2006, 2014, 32 L.Ed.2d 530 (1972). The mere fact that the determination of when the constitutional right to counsel attaches is made retrospectively based upon the sentence imposed does not mean that all events that preceded that determination are free from taint.
Thus, where an uncounseled conviction results in the imposition of a sentence of actual imprisonment, the taint of the Sixth Amendment violation is not merely on the sentence, but on the whole trial which resulted in that sentence. That taint prohibits the government from using the conviction to prove an element of a subsequent offense. By contrast, a conviction occurring where the right to counsel has never attached is not hampered by any taint.
Because Griswold’s 1985 conviction was uncounseled, it was improperly introduced during the guilt determination phase of his trial. Because the Commonwealth did not introduce the 1983 conviction, which was untainted, until the penalty phase of the trial, the evidence presented by the Commonwealth prior to the verdict was insufficient to sustain a conviction on the indicted offense, as amended. Therefore, I would reverse on the basis of that error.