COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


BOBBY ALEXANDER SHELTON
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 0712-94-2           JUDGE SAM W. COLEMAN III
                                       FEBRUARY 13, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Robert W. Duling, Judge

          Maureen L. White (David J. Johnson,
          Public Defender, on brief), for appellant.

          Michael T. Judge, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Bobby A. Shelton was convicted for possession of cocaine

with intent to distribute in violation of Code § 18.2-248.  He

contends the trial judge erred by taking judicial notice of facts

from other cases that the quantity of cocaine proved intent to

distribute and by finding the evidence sufficient to prove an

intent to distribute.  We hold that the trial court did not take

judicial notice of facts outside the record and we find the

evidence sufficient to prove intent to distribute.  Therefore, we

affirm the conviction.

     The evidence proved that Officers Scott Shapiro and John

O'Kleasky approached a parked vehicle at 2:30 a.m. and saw

Shelton sitting in the front passenger seat, making frantic

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

movements with his right hand, bending down, and looking over his right shoulder. Shelton threw a rolled up plastic bag to his left. The bag hit the driver's side window and fell to the left side of the driver's seat. The officers opened the door and seized the bag, later determined to contain 46.5 grams of cocaine. Shelton had on him a pager and $732 in currency when arrested. In response to questioning, Shelton stated that he was working for a person named "Buzz," that the drugs were left in the car by another person, that the drugs were not his, and that the money was his girlfriend's. Shelton later stated that the pager belonged to his girlfriend and that he did not throw the bag.

Shelton moved to strike the Commonwealth's evidence. He asserted that the Commonwealth had failed to meet its burden of proving he intended to distribute drugs because no expert testimony was offered to show that the quantity of drugs found was inconsistent with personal use. In response, the Commonwealth argued that the evidence was sufficient to prove intent to distribute and that it was not obligated to put forth expert testimony as to quantity when it is apparent to the fact finder that the quantity is not consistent with personal use. Asserting that the trial judge as fact finder could apply the knowledge gained from other cases involving possession with intent to distribute, the Commonwealth argued that the judge could find on these facts that 46.5 grams of cocaine is a

quantity that shows intent to sell.  The trial court overruled Shelton's motion to strike.

This Court "must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Novak v. Commonwealth, 20 Va. App. 373, 373, 457 S.E.2d 402, 411 (1995).  Where intent is proved by circumstantial evidence, as in this case, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."  Rice v. Commonwealth, 16 Va. App. 370, 372, 429 S.E.2d 879, 880 (1993) (citations omitted).

From our review of the record, the trial judge did not take judicial knowledge of a fact or facts proven in other cases that the judge had heard.  Admittedly, in considering Shelton's motion to strike the evidence, the trial judge initially read from 2 Charles E. Friend, The Law of Evidence in Virginia § 19-1 (4th ed. 1993), concerning a judge's authority to take judicial notice of certain facts.  However, in determining whether the evidence proved intent to distribute, the trial judge analyzed the officers' testimony, found it credible, and considered whether the quantity of cocaine, the statements by the accused, and his possession of a pager and $732 in cash proved that Shelton intended to possess the cocaine.  The judge did not decide the issue of intent to distribute by resorting to judicial notice of facts proven in other cases.  The record demonstrates that the

judge ruled, based on the evidence before him, that the Commonwealth had sufficiently proven intent based on testimony and physical evidence in this case. The fact that the trial judge commented that the amount of cocaine was the most he had seen in any case he had heard did not constitute taking judicial notice of a fact from another or other cases. Accordingly, we reject the appellant's contention that the trial judge relied upon judicial notice of facts proven in other cases in order to find that Shelton intended to distribute the cocaine he possessed.

To prove intent to distribute, the Commonwealth introduced a pager and $732 in cash, statements of the accused, and the 46.5 grams of cocaine. The quantity of drugs is a "circumstance to be considered" in determining whether it is for personal use or for distribution. Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984). A large amount of money is a fact that may be considered as evidence that the defendant did not possess drugs for personal use. Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). See also Minor v. Commonwealth, 6 Va. App. 366, 372, 369 S.E.2d 206, 209 (1988). Shelton's conflicting statements are other evidence the fact finder could consider to prove intent to distribute. He gave conflicting accounts concerning ownership of the pager and his actions at the scene. His false and contradictory statements may be considered as evidence attempting to conceal his guilt. Smith v.

<u>Commonwealth</u>, 192 Va. 453, 461, 65 S.E.2d 528, 533 (1951). Thus, based upon the quantity of drugs, the amount of money, the pager, and Shelton's statements, the trial judge could reasonably infer that Shelton intended to distribute the cocaine. <u>Monroe v. Commonwealth</u>, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987).

Shelton also alleges the Commonwealth introduced insufficient evidence to prove beyond a reasonable doubt his intent to distribute cocaine. The evidence of the pager, money, quantity of drugs, and conflicting statements is consistent with guilt and precludes every hypothesis of innocence. Where the quantity of drugs and other circumstances are sufficient that the fact finder can reasonably infer an intent to distribute, it is not necessary that the Commonwealth introduce expert testimony that based on the witness's experience, in his opinion, the quantity of drugs is inconsistent with personal use. For the foregoing reasons, we hold that the evidence is sufficient to prove beyond a reasonable doubt that the defendant possessed the cocaine with the intent to distribute it. Therefore, we affirm Shelton's conviction for possession of cocaine with intent to distribute.

<u>Affirmed</u>.

BENTON, J., dissenting.


I would hold that the trial judge erred in judicially noticing that the quantity and packaging of cocaine indicated an intent to distribute. Thus, I would also hold that the evidence in this record failed to prove beyond a reasonable doubt that (1) the cocaine seized from the automobile was an amount inconsistent with personal use or (2) Shelton possessed the cocaine with an intent to distribute it.

"Judicial notice is a short cut to avoid the necessity for the formal introduction of evidence in certain cases where there is no need for such evidence." Williams v. Commonwealth, 190 Va. 280, 291, 56 S.E.2d 537, 542 (1949). However, a judge may only judicially notice facts that are common knowledge or easily ascertainable by reference to reliable sources. Griswold v. Commonwealth, 19 Va. App. 477, 484, 453 S.E.2d 287, 290, reversed en banc on other grounds, 21 Va. App. 22, 25, 461 S.E.2d 411, 412 (1995).

Acknowledging the lack of evidence of intent to distribute, the prosecutor urged the trial judge to judicially notice that the amount proved intent to distribute. He specifically argued as follows:

> As to the intent, Judge, there's got to be a point where, first of all, the Commonwealth is only obligated to put forth the testimony of an expert witness when the trier of fact would need expert testimony. The Court has heard cases involving possession with intent, has on many occasions passed judgment on amounts, lack thereof,

statements, other indicia of distribution. This case involves 46 and a half grams.

What distinguishes this case from the run of the mill possession with intent case is the fact that it's in chunks. An expert could very well have come in and said, "Yes, . . . that amount is a large amount. It would be expensive on the street." [Defense counsel's] question to the expert would have had to have been, "Sir, couldn't this person have bought the stuff, to hoard it, to last him from now until the end of the summer?" And the answer would have had to have been, "Yes," or the expert would have lost his credibility. The expert also could have said, "I've seen people chip off crack cocaine on the street." The Court has heard it a thousand times. The problem is [defense counsel] can't explain it away because . . . Shelton is working for someone named Buzz. Then he says a dude left it in the car. Then he says he threw it but didn't really know what it was. Then at the bottom down at headquarters he says he didn't throw it. He didn't really know what it was. And the final lie was that it was his girl's pager. Now, it was either his girl's pager or a guy's pager. Either he knew what it was or he didn't. And either he threw it or he didn't. But his dishonesty is a consideration the Court can take into account as to his knowledge, intent, and as to whether -- it's knowledge. It's evidence of his guilt. The Court has the pager, the money, and the amount.

<u>There can't be a need to call in an expert for 46 grams. There's got to be a point where the Court is allowed to take judicial notice of the amount</u> otherwise we can haul in a dumpster full of cocaine and counsel can make the argument the person intended to hold on to the cocaine from now until he died. He got a good sale and won't have to repurchase. (emphasis added).

In rendering his decision, the trial judge quoted 2 Charles

E. Friend, <u>The Law of Evidence in Virginia</u>, § 19-1 (4th ed.

1993), and made the following statement of his judicial notice:

> I just wanted to take a minute to review some of the comments in the law pertaining to judicial notice and Mr. Friend states, among other things, in speaking about a trial "may require that scores or even hundreds of individual bits of evidence be introduced for the consideration of the trier of the fact. However, many of these bits and pieces which are so obvious and indisputable that to require formal proof of them would be both a waste of time and an obstruction of the orderly process of justice." And further he makes reference to the extent to which jurors may employ their own knowledge as to matters not in evidence, which would also pertain to a judge trying a case without a jury. And he goes on to say that jurors may make use of that reason and common sense and the knowledge and experience gained by them in everyday life.

In his finding of facts, the trial judge commented on the quantity of the cocaine, its packaging, and the purported significance of the cocaine being broken into chunks. However, the record contains no evidence regarding the significance of these matters or their relationship to personal use or methods of distribution. Finding that "it's probably the largest amount that I've seen packaged in this fashion in a long time," the trial judge ruled that the amount coupled with the packaging and other facts of the case proved Shelton possessed the cocaine with an intent to distribute it.

The trial judge erroneously relied upon his own knowledge from other cases in inferring that one and a half ounces of cocaine was a quantity that indicated an intent to distribute. Moreover, the Supreme Court has stated that a "relatively small

quantity of [drugs] in the defendant's possession warrants the inference that it was for [the defendant's] personal use." Dukes v. Commonwealth, 227 Va. 119, 122-23, 313 S.E.2d 382, 384 (1984). In this case, the Commonwealth asked the trial judge to infer from his knowledge that 1.5 ounces of cocaine was not a relatively small quantity, that it was a quantity that was not consistent with personal use, and further that it indicated an intent to distribute. The evidence provides no foundation from which those inferences could be drawn.

Moreover, no evidence proved that the manner of packaging was significant. Indeed, no evidence in this record addressed the method of packaging. As the Supreme Court stated in the following passage in Dukes, users purchase packaged drugs and, thus, the method of packaging often may be of little value in distinguishing whether possession is for personal use or distribution:

> The mode of packaging and the way the packages were hidden are as consistent with possession for personal use as they are with intent to distribute. It is just as plausible that the defendant purchased the packaged substance for personal use as it is that she packaged the marijuana for distribution.

227 Va. at 123, 313 S.E.2d at 384.

"While courts take judicial notice of such facts as are commonly known from human experience, 'facts which are not judicially cognizable must be proved, even though known to the judge or to the court as an individual.'" Darnell v. Barker, 179

Va. 86, 93, 18 S.E.2d 271, 275 (1942)(citation omitted).  The judge's knowledge of the significance of a particular quantity of cocaine and packaging which he apparently obtained from having heard evidence in other cases, does not permit the Commonwealth to dispense with "proof of facts not judicially cognizable" and to rely upon proof from other cases.  Id.

> "The general rule is that the court will not travel outside the record of the case before it in order to take notice of the proceedings in another case, even between the same parties and in the same court, unless the proceedings are put in evidence.  The reason for the rule is that the decision of a cause must depend upon the evidence introduced.  If the courts should recognize judicially facts adjudicated in another case, it makes those facts, though unsupported by evidence in the case at hand, conclusive against the opposing party; while if they had been properly introduced they might have been met and overcome by him."

Bernau v. Nealon, 219 Va. 1039, 1043, 254 S.E.2d 82, 85 (1979)(citation omitted).

I would hold that no evidence in this record proved the significance of the quantity of cocaine or the method by which the cocaine was placed in the bag.  Shelton's mere possession of one and a half ounces of cocaine in a bag while he had money and a pager do not prove beyond a doubt that Shelton possessed the cocaine with the intent to distribute.