# Carolyn B. Holliday

## v.

# Scansea, Inc.

Record No. 831506

November 26, 1986

Present: All the Justices

*James T. Bacon (William O. Snead, III; Hall, Surovell, Jackson and Colten, P.C.,* on brief), for appellant.
*Gant Redmon (Gary A. Ritter,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

The principal issue framed by the parties in this appeal is whether the trial court erred in holding that an officer of a foreign corporation which entered into a contract in Virginia before acquiring a certificate of qualification was liable upon that contract.

The facts, stipulated by the parties, were formally approved by the trial court sitting without a jury. Scansea, Inc. (Scansea), planned to commence a fish-processing operation off the coast of Alaska. FSI Financial Services Corp. (FSI), a corporation organized under the laws of Delaware with offices in Virginia, was engaged in the business of investment banking and loan financing.

In May 1982, Scansea and FSI entered into a loan commitment agreement. Subject to certain conditions to be performed by Scansea, FSI agreed to lend Scansea $1,802,845.96 to finance the purchase of a fish-processing vessel. Upon execution of this contract, Scansea paid FSI "an application fee of $5,500.00 nonrefundable . . . and a commitment fee of $30,069.92." Scansea failed to perform some of the conditions precedent, FSI did not fund the loan, and Scansea filed a motion for judgment against FSI, its parent corporation, a third corporation, and three corporate officers. In counts I and II, Scansea claimed damages for breach of contract and common-law fraud. In count III, Scansea alleged that "[d]ue to the Principal Defendants' breach of their agreement with Plaintiff as aforesaid, Plaintiff is entitled to refund of the application and commitment fees."

The trial court found in favor of all defendants on counts I and II. Specifically, the court ruled that Scansea "did not comply with all the conditions precedent" and that "FSI Services did not breach the contract between the parties." Yet, as to count III, the court held that "the application fee and the commitment fee were so intertwined as to be both considered 'points' and inasmuch as

FSI Services never funded the loan, justice required that Plaintiff was entitled to recover both the application and commitment fees". By final order dated June 13, 1983, the court entered judgment against the three corporate officers, jointly and severally, for $35,569.92.

Carolyn B. Holliday, one of the three corporate officers, appeals from the judgment against her. According to the stipulation of facts, she was employed by FSI as an office secretary and, "as a matter of convenience", she accepted the title of corporate secretary. As such, she attended the "dry settlement" proceedings, attested to the signature of FSI's president, and affixed the corporate seal to the contract documents. FSI had not acquired a certificate of authority to do business in Virginia as required by Code § 13.1-102 (now § 13.1-757). At that time, Code § 13.1-119 (repealed by Acts 1985, c. 522, effective January 1, 1986) provided, in part, as follows:

> If a foreign corporation transacts business in this State without a certificate of authority, its directors, officers and agents doing such business shall be jointly and severally liable for any contracts made or to be performed in this State and any torts committed in this State between the time when it began to transact business in this State and the date when it obtains a certificate of authority.

In defense of the judgment, Scansea argues on appeal that "Holliday was an officer of a corporation transacting business in the Commonwealth without a certificate of authority and as such is personally liable for the contract." Holliday maintains that she was merely a "subordinate officer" of FSI performing only clerical duties and that the personal-liability provisions of the statute apply only to "those officers who would be 'responsible' for, or who would control the corporation's business."

We need not address this question. Under the statute, when a foreign corporation transacts business in Virginia in violation of her laws, corporate officers "doing such business" are personally liable for the corporation's torts and its breach of contracts made or to be performed in this Commonwealth. In count III, Scansea premised its claim for refund of the application and commitment fees solely upon "the Principal Defendants' breach of their agreement with Plaintiff". The trial court ruled, however,

that "FSI Services did not breach the contract between the parties". Scansea does not (and, in light of its own default, cannot) challenge that ruling on appeal. Scansea's claim fails for want of proof of its predicate, and we will reverse the judgment and enter final judgment for Holliday.

*Reversed and final judgment.*