**Alexandria**

EDWARD TYLER JAMES

v.

COMMONWEALTH OF VIRGINIA

No. 2173-92-4

Decided August 2, 1994

COUNSEL

John H. Jamnback, Assistant Public Defender (Office of the Public Defender, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Edward Tyler James (appellant) appeals his bench trial conviction for driving under the influence of alcohol (DUI), second offense within five years, in violation of Code § 18.2-266. On appeal, he argues that the trial court erred by: (1) admitting into evidence appellant's prior DUI conviction which failed to show affirmatively that his plea of guilty was made knowingly and voluntarily; (2) admitting into evidence the results of a breathalyzer test; (3) limiting his cross-examination of the arresting officer's subjective intent; and (4) finding that the evidence was sufficient to convict. Finding no error, we affirm the conviction.

## BACKGROUND

On December 21, 1991, at approximately 4:45 p.m., Trooper Dunlap of the Virginia State Police stopped appellant, who was driving a pickup truck on Route 287 in Loudoun County, after pacing appellant's vehicle at sixty-eight miles per hour in a fifty-five miles per hour zone. He also observed it tailgate another car and weave across the center line of the road several times.

Appellant had "very slurred" speech and a strong odor of alcohol about his person. Trooper Dunlap asked appellant to perform several field sobriety tests, which he failed. Appellant was arrested for driving under the influence of alcohol and advised of the implied consent law at the Loudoun County Jail. He requested and was given a breath test. The results of the breath alcohol test showed a blood alcohol concentration of .17 percent.

At trial, appellant objected to the admission into evidence of his 1989 DUI conviction because the record failed to show affirmatively that his guilty plea was given intelligently and voluntarily. The certified copy of appellant's 1989 conviction shows that he was represented by counsel at trial and that he pled guilty to the amended (lesser included) offense of DUI—first offense.

Appellant also objected to the admission of the certificate of breath analysis because Trooper Dunlap allegedly failed to comply with certain procedures prescribed in the "Breath Alcohol Operator Training Manual." In addition, appellant attempted to introduce evidence of Trooper Dunlap's subjective intent and state of mind on the issues of probable cause for the initial stop and arrest, and the timing of taking appellant into custody. The trial court sustained the Commonwealth's relevancy objection to this line of questioning.

## ADMISSIBILITY OF PRIOR DUI CONVICTION

Appellant argues that the trial court erred in admitting evidence of his prior conviction for DUI because the Commonwealth failed to prove that he knowingly and intelligently waived his constitutional rights regarding his prior plea of guilty. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). We disagree.

Code § 18.2-270 establishes the penalties for violations of Code § 18.2-266 and provides for the enhanced punishment of second-time DUI offenders. The Supreme Court of the United States has recently reaffirmed the use of prior convictions for sentencing enhancement purposes, holding as follows:

[An] uncounseled conviction valid under [*Scott v. Illinois*, 440 U.S. 367 (1979)] may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment. Enhancement statutes, whether in the nature of criminal history provisions such as those contained

in the Sentencing Guidelines, or recidivist statutes which are common place in state criminal laws, do not change the penalty imposed for the earlier conviction.

*Nichols v. United States*, 114 S. Ct. 1921, 1927 (1994) (overruling *Baldasar v. Illinois*, 446 U.S. 222 (1980)). Further, *Nichols* held that due process does not require "a misdemeanor defendant to be warned that his conviction might be used for enhancement purposes should the defendant later be convicted of another crime." *Id.* at 1928.

■ Appellant challenges the admissibility of his 1989 conviction solely because the warrant form failed to indicate that his plea of guilty was knowing and voluntary. *Boykin* requires that before a trial court may accept a criminal defendant's guilty plea there must be an affirmative showing that the plea was intelligently and voluntarily made. *Boykin*, 395 U.S. at 242. On direct appeal, no waiver of constitutional rights will be presumed and a silent record cannot be considered a waiver. *See generally McCarthy v. United States*, 394 U.S. 459 (1969).

■ The due process requirements of *Boykin* have been restated in Rule 3A:8(b) of the Rules of the Supreme Court of Virginia, and on direct appeal the failure to comply fully therewith constitutes reversible error.[1] In *Graham v. Commonwealth*, 11 Va. App. 133, 397 S.E.2d 270 (1990), we held that "the record requires an affirmative showing that the waiver embodied in the plea of guilty is intelligently, voluntarily, and knowingly made. In the absence of such a showing, the trial court may, and is in fact required, to reject the plea." *Id.* at 139, 397 S.E.2d at 273-74. *See also Gardner v. Warden*, 222 Va. 491, 494, 281 S.E.2d 876, 878 (1981).

■ Generally, a judgment in a criminal case where the defendant was represented by counsel may not be attacked collaterally in another criminal proceeding. *Morse v. Commonwealth*, 6 Va. App. 466, 468, 369 S.E.2d 863, 864 (1988) (citing *Eagle, Star & British Dominions Ins. Co. v. Heller*, 149 Va. 82, 100, 140 S.E.2d 314, 319 (1927)).

---

[1] A suggested procedure for addressing *Boykin* issues appears in Form 6 in the Appendix to Part 3A of the Rules of the Supreme Court of Virginia.

It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. . . . It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired. . . . Thus, *only when it develops that the defendant was not fairly apprised of its consequences* can his plea be challenged under the Due Process Clause.

*Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984) (footnote and citations omitted) (emphasis added).

The ban on collateral attacks of underlying offenses is based on the principle that "every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears." *Parke v. Raley*, 506 U.S. ____, ____, 113 S. Ct. 517, 523 (1992) (citing *Voorhees v. Jackson*, 35 U.S. (10 Pet.) 449, 472 (1836)). We are guided in the disposition of this case by the United States Supreme Court's analysis in *Parke*, wherein the Court held:

On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights. In this situation, *Boykin* does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for the purposes of sentence enhancement was validly obtained. . . . Our precedents make clear . . . that even when a collateral attack on a final conviction rests on constitutional grounds, *the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant.*

*Parke*, 506 U.S. at ____, 113 S. Ct. at 524 (emphasis added). There is no allegation of governmental misconduct in this case, and appellant concedes that he was represented by counsel in the 1989 criminal proceeding.[2] Appellant's only evidence for his collateral attack was the lack of an affirmative record establishing

---

[2] There is no transcript from the 1989 conviction because appellant entered a plea of guilty in the General District Court of Loudoun County, a court not of record. *See* Code § 16.1-69.5.

that the general district court had engaged in a *Boykin* colloquy prior to accepting appellant's guilty plea.

The Commonwealth had the burden of going forward with evidence and always retains the burden of persuasion to prove that the predicate convictions relied upon were valid under *Scott v. Illinois*, 440 U.S. 367 (1979). *See McGhee v. Commonwealth*, 219 Va. 560, 561-62, 248 S.E.2d 808, 810 (1978); *Commonwealth v. Ellett*, 174 Va. 403, 413, 4 S.E.2d 762, 766 (1939). During trial, appellant admitted he had been represented by counsel at his 1989 guilty plea to DUI and that he had discussed at least "some of" the case with his counsel.[3]

We hold that the Commonwealth satisfies its burden of going forward when it produces a properly certified conviction from a court of competent jurisdiction which appears on its face to be a valid final judgment, provided that in all felony cases and those misdemeanor proceedings where imprisonment resulted, there is evidence establishing that the defendant was represented by or properly waived counsel in the earlier criminal proceeding. *See Burgett v. Texas*, 389 U.S. 109, 114·(1967); *Nichols*, 114 S. Ct. at 524; *Scott*, 440 U.S. at 373. "Upon such a showing by the [Commonwealth] the doctrine of 'presumption of regularity' is then applied, and unless the defendant presents credible evidence that there is some constitutional infirmity in the judgment it must stand." *State v. Moeller*, 511 N.W.2d 803, 809 (S.D. 1994). A silent record or the mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient. Accordingly, we agree with the trial court that appellant failed to rebut the presumption of regularity that attached to his counseled final 1989 conviction.

---

[3] The Supreme Court of the United States has noted the important distinction between uncounseled guilty pleas and those entered with the advice of counsel:

> [E]ven without such an express representation [in the record], it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.

*Henderson v. Morgan*, 426 U.S. 637, 647 (1976); *see also Marshall v. Lonberger*, 459 U.S. 422, 437 (1983), *cert. denied*, 481 U.S. 1055 (1987) (holding that counseled defendant "must be presumed to have been informed, either by his lawyers or at one of the presentencing proceedings, of the charges on which he was indicted [and pled guilty]").

## ADMISSION OF CERTIFICATE OF BREATH ANALYSIS

Appellant argues that the trial court erred in admitting into evidence the certificate of breath alcohol analysis because the Commonwealth failed to show that the testing methods used by Trooper Dunlap were approved by the Division of Forensic Science. *See* Code § 18.2-268.9. We disagree.

■ "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." *Blain v. Commonwealth*, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988) (citation omitted). At appellant's request and without objection by the Commonwealth, the trial court took judicial notice of the Breath Alcohol Operator Training Manual (*"Manual"*) as evidence of the correct procedure for administering the test as required by Code § 18.2-268.9. Appellant argues that Trooper Dunlap's testimony and other evidence showed that the practice of administering the breathalyzer test at the Loudoun County Jail was not in compliance with the *Manual*'s procedure; specifically, he contends that all the procedures for disconnecting the breathalyzer were not followed.

The *Manual* states, in part:

> The first step in disconnecting the Breathalyzer should always be the removal of the TEST AMPUL. Failure to do so prior to turning the CONTROL KNOB to "OFF" might create a vacuum resulting in the acid solution being sucked from the TEST AMPUL back into the Breathalyzer.

On redirect examination, Trooper Dunlap explained that he performed this step even though the corresponding boxes on the operational checklist for appellant's test were not checked and irrespective of any policy at the jail which may or may not have been in effect at that time. The only variation between Trooper Dunlap's testimony and the procedures outlined in the manual was that the power switch, not the control knob, "would not have been turned off." Further, Trooper Dunlap testified that because the ampul was already removed when the control knob was turned off, "nothing in that disconnection phase would have any effect whatsoever on the test results."

■ The trial judge was entitled to accept Trooper Dunlap's explanation of the procedures that he employed in administering appellant's breath test. It is well settled that "[t]he weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." *Bridgeman v. Commonwealth*, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). Further, a fair reading of Trooper Dunlap's testimony indicates that he substantially complied with the requirements of former Code § 18.2-268(Y), now Code § 18.2-268.9. *See* Code § 18.2-268.11. Accordingly, we cannot say that the trial court erred in admitting into evidence the certificate of breath analysis.

## LIMITATION OF CROSS-EXAMINATION

■ Appellant argues that the trial court erroneously limited his cross-examination of Trooper Dunlap because he was not permitted to ask several questions related to the officer's subjective intent for stopping appellant. We find this argument without merit. A criminal "defendant's right to cross-examine witnesses does not extend to collateral and irrelevant matters." *Maynard v. Commonwealth*, 11 Va. App. 437, 444, 399 S.E.2d 635, 639 (1990) (en banc). "Justification for stopping an automobile does not depend on the subjective intent of the police. Compliance with the fourth amendment depends, instead, on 'an objective assessment of an officer's actions in light of the facts and circumstances then known to him.'" *Bosworth v. Commonwealth*, 7 Va. App. 567, 570, 375 S.E.2d 756, 758 (1989) (citations omitted). Accordingly, we find no error in the trial court's ruling on this issue.

## SUFFICIENCY OF THE EVIDENCE

■ Lastly, appellant argues that the evidence is insufficient to support his conviction for DUI. "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680).

Here, the Commonwealth's evidence proved that appellant was driving his automobile erratically, weaving across the center line of the road several times. He was then observed tailgating another vehicle and driving sixty-eight miles per hour in a fifty-five miles per hour zone. After appellant was stopped, Trooper Dunlap noticed that appellant's speech was "very slurred," his eyes were bloodshot and he had a very strong odor of alcohol about his person. Appellant failed several field sobriety tests and he admitted to Trooper Dunlap that he had consumed five beers within three hours of being stopped. In addition, the results of appellant's breath test indicated a blood alcohol concentration of .17 percent. Accordingly, we cannot say that the judgment is plainly wrong or without evidence to support it.

For the reasons set forth above, the judgment of the trial court is affirmed.

*Affirmed.*

Coleman, J., and Duff, S.J., concurred.