ELDER, J., with whom BENTON, J., joins,
concurring in part and dissenting in part.
I concur in those parts of the majority opinion holding (1) the 1983 and 1985 conviction orders were properly introduced at trial and made part of the record on appeal, and (2) the trial court erred in finding that Griswold was represented by counsel at his 1985 trial. I respectfully dissent from the remainder of the majority opinion and would hold that Gris-wold’s 1983 and 1985 convictions violated Scott and were improperly introduced at his 1992 trial.
*31 The majority correctly recognizes that the United States Supreme Court’s opinions in Scott and Nichols guide the analysis of this case. However, for reasons undisclosed in its opinion, the majority fails to discuss James v. Commonwealth, 18 Va.App. 746, 446 S.E.2d 900 (1994), a recent case decided by a panel of this Court. In James, the panel recognized that a prior conviction, which was constitutional under Scott, could be used in a subsequent trial for sentencing enhancement purposes. The James panel held that the Commonwealth may introduce evidence of prior convictions, “provided that in all felony cases and those misdemeanor proceedings where imprisonment resulted, there is evidence establishing that the defendant was represented by or properly waived counsel in the earlier criminal proceeding.” James, 18 Va.App. at 752, 446 S.E.2d at 904. In this case, the majority jettisons James without mention of its reasoning or holding. While an en banc panel of this Court may overrule a three-judge panel, I believe that the James rationale, which directly follows from Scott and Nichols, is correct.
The majority dismisses Griswold’s argument that his 1985 conviction was invalid under Scott and Nichols, stating that it “defies reason and is contrary to the rationale of Nichols.” I respectfully disagree. The Supreme Court in Nichols said, and the majority repeats, that “an uncounseled misdemeanor conviction valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction.” Nichols, — U.S. at-, 114 S.Ct. at 1928 (emphasis added). Stated simply, Griswold’s uncounseled 1985 conviction violated Scott because it resulted in the imposition of imprisonment after Griswold was unrepresented at trial; it was, therefore, used unconstitutionally to enhance the subsequent conviction.
The majority attempts to avoid this constitutional limitation by stating that “[i]t would defy reason to hold that Griswold’s 1985 conviction would be valid for any purpose had the entire 180 day jail sentence been suspended, but that the entire proceeding was unconstitutional simply because he was sentenced to serve two days confinement.” As discussed above, a *32 plain reading of Nichols reveals the fallacy of the majority’s comment.[1] Although the majority quotes a lengthy section from Nichols in support of its comment, it fails to recognize that the quoted section discusses the introduction of the prior conviction in a subsequent trial in the context of the specific facts of the Nichols case. In Nichols, in stark contrast to this ease, the defendant’s prior conviction did not result in the imposition of jail time, suspended or otherwise. I would, therefore, follow James and hold that the trial court erroneously allowed the introduction of Griswold’s 1985 conviction in the guilt and sentencing phases of his subsequent trial.
Furthermore, I would hold that because appellant’s 1983 conviction was not only uncounseled but also violated Scott, the trial court erred by allowing its introduction in the sentencing phase of appellant’s 1991 trial. “[T]he Sixth and Fourteenth Amendments to the United States Constitution require ... that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.” Scott, 440 U.S. at 373-74, 99 S.Ct. at 1162 (emphasis added). As stated in the panel opinion, I interpret “sentenced to a term of imprisonment” to include a jail sentence imposed and conditionally suspended, as was done in this case. Appellant did not waive counsel nor was he represented on the 1983 charge. Consequently, his sentence on that charge violated Scott and the conviction cannot now be used to enhance punishment on a subsequent offense.
In reaching this conclusion, I am guided by decisions reached by other courts that have considered the same issue. For example, the United States Court of Appeals for the Tenth Circuit recently held that a conditionally suspended sentence satisfies Scott’s “sentenced to a term of imprisonment” requirement, such that the defendant is entitled to *33 counsel under the Sixth Amendment. United States v. Reilley, 948 F.2d 648, 653-54 (10th Cir.1991). Accord United States v. Foster, 904 F.2d 20 (9th Cir.1990); United States v. Leavitt, 608 F.2d 1290 (9th Cir.1979); United States v. White, 529 F.2d 1390 (8th Cir.1976); State v. DeRosa, 161 Vt. 78, 633 A.2d 277 (1993); contra United States v. Nash, 703 F.Supp. 507 (W.D.La.), aff'd, 886 F.2d 1312 (5th Cir.1989).
The Commonwealth affords trial courts broad discretion in revoking suspended sentences. See Code § 19.2-306 (stating the court can revoke a suspended sentence “for any cause deemed by it sufficient” within the applicable statutory time limits); Hamilton v. Commonwealth, 217 Va. 325, 228 S.E.2d 555 (1976); Marshall v. Commonwealth, 202 Va. 217, 116 S.E.2d 270 (1960); Singleton v. Commonwealth, 11 Va.App. 575, 400 S.E.2d 205 (1991) (holding that Code sections dealing with suspended sentences are to be liberally construed and that revocation of a suspended sentence lies within the trial court’s sound discretion).
The trial court’s discretionary authority to revoke a suspended sentence subjects a defendant to a substantial risk of imprisonment at any time within the applicable statutory time limits. Thus, I believe that even in cases where a jail sentence is suspended after imposition, defendants must be afforded the “guiding hand of counsel so necessary where one’s liberty is in jeopardy.” Scott, 440 U.S. at 370, 99 S.Ct. at 1160 (quoting Argersinger v. Hamlin, 407 U.S. 25, 40, 92 S.Ct. 2006, 2014, 32 L.Ed.2d 530 (1972)). Because appellant was sentenced to a suspended jail term without the benefit or the valid waiver of counsel, appellant’s 1983 conviction violated Scott and was improperly introduced in the sentencing phase of his 1992 trial.

. Furthermore, as I discuss below in reference to Griswold’s 1983 conviction, I believe that a conviction cannot be used in the guilt or sentencing phases of a subsequent trial if the court imposes a jail sentence but then suspends that sentence.