COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


DONALD EDWARD CHERRY

v.          Record No. 2306-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE NELSON T. OVERTON
COMMONWEALTH OF VIRGINIA                        JANUARY 30, 1996


             FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                      Rodham T. Delk, Judge

         Byron W. Waters for appellant.

         John K. Byrum, Jr., Assistant Attorney
         General (James S. Gilmore, III, Attorney
         General, on brief), for appellee.


     Donald Cherry appeals his conviction for third offense petit
larceny in violation of Code § 19.2-297.  Cherry contends that
the introduction of one conviction order for a prior third
offense petit larceny charge does not satisfy the Commonwealth's
burden to prove that Cherry had been sentenced twice previously
for larceny offenses.  We disagree, and we affirm the conviction.

     Donald Cherry was seen taking a bag of soap from a drugstore
without paying for it. He was later arrested and charged with
third offense petit larceny.  At trial, the Commonwealth
introduced only one certified copy of a prior third offense petit
larceny.  The Defendant moved to strike based on only one
conviction order having been introduced.  In overruling the
motion, the trial judge stated:

_____

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The order states that Mr. Cherry stands indicted for a felony, and then the indictment is repeated by its terms in the order including these words.  The said Donald E. Cherry having been sentenced for at least two larceny offenses or offenses deemed to be larceny prior to this charge.  That's on page 1 of the order.

Page 2 of the order states that upon stipulation of the facts, the Court finds the accused guilty of third offense petit larceny as charged in the indictment.

As an element of the charged offense, the Commonwealth had the burden to prove beyond a reasonable doubt that Cherry had been sentenced twice previously for larceny or offenses deemed larceny.  The Commonwealth satisfied that burden through the introduction of the prior conviction order.

The defendant concedes that the order was properly admitted.  The defendant further concedes that the order was admissible for the purpose of proving that Cherry had been sentenced previously for third offense petit larceny.  At this previous trial, Cherry was represented by counsel and pled guilty to the charge.

The conviction order in the instant case enjoys a presumption of regularity.  James v. Commonwealth, 18 Va. App. 746, 752, 446 S.E.2d 900, 904 (1994).  To rebut this presumption, the defendant must present some evidence of constitutional infirmity.  Id.  No evidence exists in the record to support such a claim.

The conviction order, having been properly admitted and constitutionally sound, supplies the evidence necessary to prove beyond a reasonable doubt that Cherry had been sentenced twice previously for larceny or offenses deemed larceny.

- 2 -

<u>Affirmed.</u>