COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Bray and Overton
Argued at Norfolk, Virginia


JOHN PRICE, JR.

MEMORANDUM OPINION[*] BY
v.    Record No. 0261-98-1  CHIEF JUDGE JOHANNA L. FITZPATRICK
JANUARY 26, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Rodham T. Delk, Jr., Judge

Barrett R. Richardson (Richardson and
Rosenberg, LLC, on brief), for appellant.

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


John Price, Jr. (appellant) appeals his bench trial conviction for petit larceny, third offense, in violation of Code § 18.2-104. The sole issue raised is whether the Commonwealth laid a proper foundation to introduce into evidence certified copies of appellant's prior larceny convictions. For the following reasons, we affirm.

I.

The facts are undisputed. On October 6, 1995, Carl Scott, a loss prevention manager at Wal-Mart, observed appellant remove his shirt, take a different shirt from a store rack, put it on, and then put his own shirt over the new shirt. Appellant took another shirt and concealed it in a Wal-Mart bag that he was

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

carrying. He then took two pairs of sweatpants to the men's fitting room, and when he exited he no longer had the pants. Scott testified that "you could tell by looking at [appellant] that he had three or four other pants on other than the pants he came in with."

After appellant left the store, Scott confronted him in the parking lot and identified himself as store security. Appellant attempted to flee but was apprehended by Scott still wearing the store's clothing. Its value was $65.75.

At trial, the Commonwealth attempted to introduce two certified orders of prior petit larceny convictions. Appellant objected on the basis that a proper foundation had not been established to show that he was the same person as listed on the conviction orders. The trial court overruled appellant's objection, and the two orders were admitted into evidence to establish the necessary predicate for the felony offense. The Commonwealth rested, and appellant offered no evidence. The trial court found appellant guilty of petit larceny, third offense, in violation of Code § 18.2-104.

## II.

On appeal, appellant contends that the Commonwealth did not lay a proper foundation for the introduction of the certified copies of the two prior larceny convictions because it failed to establish that appellant was in fact the person named in the conviction orders. We disagree.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Pavlick v. Commonwealth, 27 Va. App. 219, 232, 497 S.E.2d 920, 926 (1998) (citing James v. Commonwealth, 18 Va. App. 746, 753, 446 S.E.2d 900, 904 (1994)).

The decision in Cook v. Commonwealth, 7 Va. App. 225, 372 S.E.2d 780 (1988), is dispositive.  In Cook, the Commonwealth offered into evidence two certified copies of court orders which reflected that "a person with the same name and birth date as the defendant" had been convicted of the respective prior crimes.  Id. at 230, 372 S.E.2d at 783.  The trial court admitted the records into evidence over the objection of defense counsel.  See id.

On appeal, Cook argued that the court orders were inadmissible because the Commonwealth failed to prove that he was the person named in the orders.  Rejecting defendant's argument, we wrote:

> Identity of names carries with it a presumption of identity of person, the strength of which will vary according to the circumstances.  In this case, authenticated conviction records bore the defendant's exact name and birth date.  Courts in many other jurisdictions have held that identity of the name of a defendant and the name of a person previously convicted is prima facie evidence of identity of person and, absent contrary evidence, supports a finding of such identity.
> Because the name of the defendant in each of the two certified conviction orders was the same as the defendant's name and

> because the orders bore his birth date, they
> were properly admitted by the trial court.

Id. at 230-31, 372 S.E.2d at 783 (citations omitted) (emphasis added).

In the instant case, the certified copies of the prior convictions bore appellant's exact name and birth date. When he was arraigned, appellant confirmed that his full name was "John Price, Jr."; he was thirty-eight years old; and his date of birth was "8-12-58." Appellant also acknowledged that he was the person charged in the indictment with "third offense petit larceny from Wal-Mart on October 6, 1995." The two proffered petit larceny conviction orders, which contained appellant's exact name and birth date, is "prima facie evidence of identity of person and, absent contrary evidence, supports a finding of such identity." Id. at 230, 372 S.E.2d at 783.[1] Although appellant objected to the admission of the two prior petit larceny conviction orders, he offered no evidence that he was not the individual named in the documents. Thus, the trial court had sufficient evidence to establish that appellant was the person named in the conviction orders and did not abuse its discretion in their admission. Accordingly, we affirm appellant's felony conviction.

---

[1]Additionally, the arrest warrants attached to the conviction orders contained appellant's Social Security number, and an individual's height, weight, race, eye color and hair color. The trial court could have appropriately used these to further bolster the identification of appellant.

Affirmed.