## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Kenneth Bryant

December 6, 1999

Case No. (Criminal) 23699

BY JUDGE HENRY E. HUDSON

This matter is before the Court on the Defendant's Motion to Reopen Case and Have the Court Declare Conviction Invalid Due to Lack of Subject Matter Jurisdiction. The Defendant contends that because his parents were not properly notified of the pendency of his transfer hearing in Juvenile Court, the trial court lacked jurisdiction, and his convictions should be set aside.

The underlying convictions in this case occurred twenty-three years ago in 1976. Although a juvenile at the time of his conviction, the Defendant had been previously tried and incarcerated as an adult in the Commonwealth of Kentucky. Following a trial by jury in this Court, the Defendant was convicted of first degree murder, malicious wounding, and two counts of robbery in this case. He is currently serving a life sentence in the Virginia State Penitentiary.

Subsequent to the filing of Defendant's Motion to Reopen This Case, this Court ordered a response from the Commonwealth and afforded the Defendant seven days thereafter to file any reply deemed necessary. The Court has reviewed both memoranda, as well as the case file in detail. The issues are clearly framed, and no oral argument is necessary.

The Defendant's argument flows from *Baker v. Commonwealth*, 258 Va. 1, 516 S.E.2d 219 (1999). In *Baker*, the Supreme Court of Virginia construed § 16.1-263(A), Code of Virginia, 1950, as amended, as requiring the notification of both parents of a juvenile before a transfer hearing is conducted in Juvenile and Domestic Relations District Court. The Court found such

notification to be jurisdictional. The Court also concluded in *Baker* that its decision would be retroactive in effect. 258 Va. at 2.

Relying on *Baker*, the Defendant argues that the Commonwealth's failure to properly notify his parents of his transfer hearing voids his convictions. In reviewing the record, it appears that his mother states by affidavit that she was not summoned or otherwise notified and that to the best of her belief, her now-deceased husband was not notified of the transfer hearing. However, the file further reveals that at the time of the Defendant's transfer hearing, his natural father was incarcerated in the Indiana State Farm. This obviously rendered his appearance at the transfer hearing impossible, as well as any assistance he could provide to his son. The file also indicates that his mother's last known address was Owensboro, Kentucky.

The Court record reveals that the Commonwealth's Attorney sent a notice of transfer hearing to the defense counsel of record, and to the Defendant's mother in Owensboro, Kentucky, by certified mail, return receipt requested, on August 31, 1976. The United States Postal Service returned the copy sent to the mother as "not deliverable, no order on file." The record discloses no other address for the mother.

In its order emanating from the transfer hearing of October 19, 1996, the Juvenile and Domestic Relations Court found that the Commonwealth had given the required notice within five days of the transfer hearing as required by the then-existing statute. The Defendant's attorney and adult half-brother attended the transfer hearing.

In analyzing the Defendant's argument, it is critical to note that the statutory notice requirement for the parents of a juvenile facing a transfer hearing have changed substantially since the hearing in the Defendant's case. The statute interpreted in *Baker* does not contain the same language as the statute which controlled at the time of the Defendant's conviction.

As mentioned above, in *Baker*, the Supreme Court interpreted § 16.1-263(A) as mandating the notification of both parents of the juvenile as a jurisdictional prerequisite to conducting a transfer hearing. The operative language of that code sections states: "After a petition is filed, the Court shall direct the issuance of summonses, one directed to the juvenile, if the juvenile is 12 or more years of age, and another to the parents, guardian, legal custodian, or other person standing *in loco parentis*, and such persons as appear to the Court to be proper or necessary parties to the proceeding." The linchpin of the Court's decision in *Baker* was the word "parents." The Court properly concluded that the statute required the notification of both parents, not just one. The Court went on to apply its holding retrospectively, as mandated by *Gogley v. Peyton*, 208 Va. 679, 160 S.E.2d 746 (1968).

Turning to the law in effect at the time of the defendant's conviction, the predecessor of § 16.1-263(A) was § 16.1-166. In pertinent part that statute reads:

If the person so summoned shall be other than a parent or guardian of a child, then the parent or parents or the guardian or both, if their address be known, shall be notified of the pendency of the case, the charge, and of the time and place appointed for the hearing; provided, however, that no such summons or notification shall be required if the judge shall certify on the record that the identity of a parent or guardian is not reasonably ascertainable.

Also in effect in 1976, at the time of the Defendant's transfer hearing, was § 16.1-172, Code of Virginia, 1950, as amended, which stated:

In no case shall the hearing proceed until the parent or parents of the child, if residing within the state, or person or agency acting in place of the parents in case the parents have theretofore been legally deprived of custody of the child, have been notified, unless the judge shall certify on his record that diligent efforts have been made to locate and notify the parent or parents without avail, or unless the Court shall certify that no useful purpose would be served thereby because of the conditions set out in § 16.1-166.

Unlike the successor statute, § 16.1-166 requires the notification of only one parent. It also excuses notification if the parent or parents are not residing within the Commonwealth of Virginia. As the record indicates, the Defendant's father resided in Indiana and his mother in Kentucky. The Commonwealth attempted to notify the mother to no avail. The Juvenile and Domestic Relations Court specifically found that the Commonwealth fulfilled the notification requirements of § 16.1-166. This finding is presumed correct "till the contrary appears." *James v. Commonwealth,* 18 Va. App. 746, 751 (1994). Although the Court did not formally certify that diligent efforts had been made to locate and notify the mother, that finding is logically subsumed in the Court's conclusion that the statutorily-mandated notice had been given. It is important to note that neither of the Defendant's parents appeared at his transfer hearing held in Kentucky in 1975.

Accordingly, the Court finds that the Commonwealth fulfilled its notification requirements under §§ 16.1-166 and 16.1-172. A proper notification having been given of the transfer hearing, the Court concludes that

the trial court had subject matter jurisdiction over the Defendant in this case. The Defendant's Motion to Reopen Case and Have the Court Declare Conviction Invalid Due to Lack of Subject Matter Jurisdiction is therefore denied.