COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Humphreys and McClanahan
Argued at Richmond, Virginia


WALTER CRAIG JONES
                                                MEMORANDUM OPINION* BY
v.       Record No. 2967-02-2              JUDGE ELIZABETH A. McCLANAHAN
                                                     FEBRUARY 10, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                        Catherine C. Hammond, Judge

            William T. Linka (Richmond Criminal Law, on brief),
            for appellant.

            Eugene Murphy, Assistant Attorney General, (Jerry W. Kilgore,
            Attorney General; H. Elizabeth Shaffer, Assistant Attorney
            General, on brief), for appellee.


        Walter Craig Jones appeals a conviction in the Henrico County Circuit Court for

operating a motor vehicle upon a public highway while under the influence of alcohol or drugs,

in violation of Code § 18.2-266.  He contends that the trial court erred in:  (1) admitting into

evidence the certificate of blood analysis, and (2) permitting Dr. Joseph Saady to testify on the

results of the blood test and the probable effects of Jones' blood contents at the time of his arrest.

For the reasons that follow, we affirm the trial court.

                                    BACKGROUND

        Jones was stopped by Trooper Raymond J. Barrett of the Virginia State Police after he

was observed committing several traffic infractions.  After failing several field sobriety tests,

Jones was arrested and transported to a health facility for a blood test.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Barrett testified at trial that a nurse withdrew Jones' blood, put the blood in a vial and capped the vial with a stopper. The nurse wrote Jones' name and address in the top part of the certificate for blood withdrawal, wrote or signed her name to indicate that she had withdrawn the blood, and then wrote Barrett's name, badge number and the identity of the court to which it would be sent. The nurse removed the backing from the label and wrapped the label around the vial. She placed the vial into the outer sleeve, put a cotton ball on top and secured the top. Barrett then wrapped evidence tape on the outer sleeve, placed the vial in the sleeve, and placed the sleeve in the designated box. Once the sample was in the box, Barrett moistened the two tabs on the outside of the box, put the cover on the box, sealed and initialed it. The box was then apparently delivered to the Division of Forensic Science for analysis.

The certificate of analysis prepared at the Division of Forensic Science contained the following language:

> The ~~vial~~ seal had not been broken or tampered with when received.
>
> The container and vial were provided by the Division of Forensic Science. The attached Certificate of Blood Withdrawal was affixed to the vial.

The initials "TE" were written above the word vial, which had been crossed out. The certificate indicated that the blood had been examined by "Terry England." The certificate indicated that Jones had a blood alcohol content of 0.00%, but it also noted a presence of "Tramadol 0.06 mg/L." and "Zolpidem [Zolopene] 0.17 mg/L."

At trial, the Commonwealth called Dr. Joseph Saady, Virginia's chief toxicologist, to testify regarding the procedures for taking blood samples for analysis and the probable effects of having the quantity of Tramadol and Zolopene that Jones had in his blood. Over objection by Jones, Saady testified that the language on the certificate of analysis describing receipt of the vial

was "boilerplate." Jones objected on the grounds that the altered language of the certificate, indicating that the outer sleeve but not the vial had been sealed, violated Code § 18.2-268.6.[1]

As to the effect of a person's ability to operate an automobile with the amount of Tramadol and Zolopene found in Jones' blood, Saady explained, over continued objection by Jones, that the Zolopene was a sleeping pill sold under the trade name Ambien, and was used for the purpose of aiding people who have insomnia. He testified that the pharmaceutical manufacturer warns against using machinery or operating motor vehicles when using the drug. He said it causes users to become "tired and sleepy." As to the Tramadol, Saady testified that it is a synthetic narcotic analgesic designed to alleviate pain. He added that Tramadol is similar to the drug Codeine.

The trial court overruled Jones' objections and admitted the certificate and two sample blood vials. Jones presented no evidence, but renewed his objection to the certificate of analysis and the blood vials because the vials were not taped. The court found that the vial containing Jones' blood sample was not taped, but that "there was tape placed on another tube in which the blood sample vial was inserted." The court agreed that the outside container was "a little plastic

---

[1] The version of Code § 18.2-268.6 in effect at the time of Jones' arrest read in pertinent part:

> Adequate portions of the blood samples withdrawn pursuant to § 18.2-268.5 shall be placed in vials provided by the Division of Forensic Science. The vials shall be sealed by the person taking the sample or at his direction. The person who seals the vials shall complete the prenumbered certificate of blood withdrawal form attached to the vial by the Division. The completed withdrawal certificate for each vial shall show the name of the accused, the name of the person taking the blood sample, the date and time the blood sample was taken and information identifying the arresting or accompanying officer. The officer shall initial the completed certificate. The vials shall be divided between two containers provided by the Division, and the containers shall be sealed to prevent tampering with the vial.

pocket . . . with bubble wrap."  The court held that though the Code § 18.2-268.6 vial-sealing procedures were not strictly followed, the evidence was admissible, and Jones was guilty of violating Code § 18.2-266.

## II.  Analysis

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."  James v. Commonwealth, 18 Va. App. 746, 753, 446 S.E.2d 900, 904 (1994) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).  A trial court abuses its discretion if it makes an error of law.  Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998).

### A.  Admissibility of Certificate of Analysis

Jones complains that the trial court erred in admitting into evidence the certificate of blood analysis because the procedures for taking blood samples as set forth in Code § 18.2-268.6 were violated in two ways.  First, the blood in the vial was not properly sealed, and second, that it was inappropriate for the nurse to complete the certificate of blood withdrawal form because she did not seal the vial.  The Commonwealth presented testimony by Trooper Barrett of the exact procedures that were followed.  Barrett testified that after the nurse drew Jones' blood, she completed the certificate and placed the unsealed vial in a plastic sleeve.  The sleeve was then sealed by Barrett.  Jones argues that the Commonwealth's evidence shows that the requirements of Code § 18.2-268.6 were not met.  He contends that because the statute uses the word "shall" more than ten times, strict compliance is mandatory.

"The purpose of the sealed container requirement is to ensure that the vial received by the laboratory is the same vial containing the defendant's blood which was placed in the container by the person taking the blood sample from the defendant."  Williams v. Commonwealth, 10

- 4 -

Va. App. 636, 638-39, 394 S.E.2d 728, 729 (1990). "In other circumstances, we have ruled that 'where there is mere speculation that contamination . . . could have occurred, it is not an abuse of discretion to admit the evidence and let what doubt there may be go to the weight to be given the evidence.'" Snider v. Commonwealth, 26 Va. App. 729, 734, 496 S.E.2d 665, 667 (1998) (quoting Reedy v. Commonwealth, 9 Va. App. 386, 391, 388 S.E.2d 650, 652 (1990)).

Thus, the question here is whether the trial court erred in admitting the evidence when there were technical violations of the statutory procedures required by Code § 18.2-268.6. Code § 18.2-268.6 is incorporated in the provisions of Code § 18.2-268.11. Both statutes must be read together. The version of Code § 18.2-268.11 in effect at the time of Jones' arrest states in pertinent part:

> The steps set forth in §§ 18.2-268.2 through 18.2-268.9 relating to taking, handling, identifying, and disposing of blood or breath samples are procedural and not substantive. Substantial compliance shall be sufficient. Failure to comply with any steps or portions thereof, or a variance in the results of the two blood tests shall not of itself be grounds for finding the defendant not guilty, but shall go to the weight of the evidence and shall be considered with all the evidence in the case; however, the defendant shall have the right to introduce evidence on his own behalf to show noncompliance with the aforesaid procedures or any part thereof, and that as a result his rights were prejudiced.

In this statute, the legislature has clearly indicated that strict compliance with some provisions of the implied consent law is not required for the admissibility of evidence under that law. Snider, 26 Va. App. at 732, 496 S.E.2d at 666. The burden to show that there was substantial compliance with the statute falls on the Commonwealth. Kemp v. Commonwealth, 16 Va. App. 360, 366, 429 S.E.2d 875, 879 (1993). However, the statute also allows a defendant to introduce evidence showing that noncompliance with this statute prejudiced his rights. Jones did not put on any evidence at trial and, therefore, did not show how noncompliance with the procedures may have prejudiced his rights.

With regard to substantial compliance, the Supreme Court of Virginia has written, "a minor, trivial difference can be tolerated whereas a material difference cannot." Akers v. James T. Barnes of Washington D.C., Inc., 227 Va. 367, 370, 315 S.E.2d 199, 201 (1984).  The Supreme Court has also noted that "[t]he principle of substantial compliance, which is predicated upon a failure of strict compliance with applicable requirements, operates to replace the protective safeguards of specificity with a less exacting standard of elasticity, in order to achieve a beneficial and pragmatic result." Coleman v. Pross, 219 Va. 143, 158, 246 S.E.2d 613, 622 (1978).  While that Court was writing in another context, we have applied this language to the substantial compliance provision of the implied consent law.  See Rollins v. Commonwealth, 37 Va. App. 73, 81, 554 S.E.2d 99, 103 (2001); see also Snider, 26 Va. App. at 733, 496 S.E.2d at 667.

The violations that Jones complains of are "minor, trivial" and nonmaterial.  The Commonwealth's evidence showed that while the vial itself was not sealed, it was placed into an outer sleeve that was sealed, and the sleeve was placed into a box, which was also sealed.  The evidence also showed that the nurse who took Jones' blood was the same person who completed the certificate of blood withdrawal form.  There was absolutely no evidence of tampering or contamination, and Jones did not in any way show that his rights were prejudiced.  The trial court did not abuse its discretion in finding that the Commonwealth proved that it sufficiently and substantially complied with the statute, nor did it abuse its discretion by admitting the certificate of analysis.

We conclude, therefore, that there is neither evidence of tampering nor evidence that the vial containing Jones' blood is not the same vial into which it was originally placed.  The vial of Jones' blood was sealed in an outer sleeve and placed into a box, which was also sealed.  The

- 6 -

integrity of the sample was not questioned.  It is mere speculation that the blood sample was or could have been contaminated.

### B.  Admissibility of Expert Witness Testimony

Jones' claim that the trial court erroneously admitted the testimony of Dr. Joseph Saady, the Commonwealth's toxicology expert, was predicated on the assignment of error regarding admission of the certificate of analysis.  Finding that the trial court did not err in admitting the certificate of analysis, we also find that Dr. Saady's testimony was admissible.  Jones' argument "fails for want of proof of the predicate."  Boggs v. Commonwealth, 229 Va. 501, 511, 331 S.E.2d 407, 415 (1985); see also Holliday v. Scansea, 232 Va. 316, 319, 350 S.E.2d 607, 609 (1986).

### III.  Conclusion

We conclude, reading Code §§ 18.2-268.6 and 18.2-268.11 together, that the trial court correctly found that the Commonwealth substantially complied with the required procedures for taking blood samples under the implied consent law and that Jones did not show that substantial compliance has in any way prejudiced his rights.  There was no question that the vial tested contained a sample of Jones' blood from the time of arrest.  Therefore, the trial court did not err in admitting the certificate of analysis.  The trial court also did not err in admitting the testimony of Dr. Saady, as Jones' argument for not admitting that testimony was predicated on the certificate of analysis being admitted in error.  For these reasons, we affirm Jones' conviction.

Affirmed.